DAVID L. HENKIN     #6876
KYLIE W. WAGER CRUZ     #10165
HARLEY M. BROYLES     #11640
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
      kwager@earthjustice.org
      hbroyles@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| KĀPAʻA, CONSERVATION COUNCIL FOR HAWAIʻI, and CENTER FOR BIOLOGICAL DIVERSITY | ) CASE NO. CV 25-00209 MWJS-WRP ) ) PLAINTIFFS' REPORT OF THE ) PARTIES' DISCOVERY PLANNING ) MEETING |
| Plaintiffs, | ) ) |
| v. | ) |
| DONALD J. TRUMP, in his official capacity as President of the United States; HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States; LAURA GRIMM, in her official capacity as Acting Administrator of the National Oceanic and Atmospheric Administration; EUGENIO PIÑEIRO SOLER, in his official capacity as Assistant Administrator for NOAA Fisheries; and DOUG BURGUM, in his official capacity as Secretary of the Interior of the United States, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Pursuant to Local Rule 26.1 of the Local Rules of Practice for the United States District Court for the District of Hawai'i, a meeting via videoconference was held on June 26, 2025, and was attended by David L. Henkin, Kylie W. Wager Cruz, and Elena L. Bryant for plaintiffs Kāpa'a, Conservation Council for Hawai'i, and Center for Biological Diversity (collectively, "Plaintiffs") and John H. Martin, Jennifer A. Sundook, and Sara Warren for defendants President Donald J. Trump, Secretary of Commerce Howard Lutnick, Acting Administrator of the National Oceanic and Atmospheric Administration Laura Grimm, Assistant Administrator for NOAA Fisheries Eugenio Piñeiro Soler, and Secretary of the Interior Doug Burgum (collectively, "Defendants"). On August 28, 2025, a second meeting via videoconference was held and was attended by David L. Henkin, Kylie W. Wager Cruz, and Harley M. Broyles for Plaintiffs and John H. Martin, Jennifer A. Sundook, and Sara Warren for Defendants.

Plaintiffs have shared this report with Defendants prior to filing it with this Court. To the extent that the parties disagree regarding any matter, it is noted herein.

I.    DISCOVERY PLAN

Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure ("FRCP"), the parties' views and proposals on a discovery plan were discussed:

A.      Initial Disclosures (FRCP Rule 26(f)(3)(A))

The parties agree that Plaintiffs' Fourth through Eighth Claims for Relief involve action for review on an administrative record and, thus, are exempt from initial disclosures pursuant to FRCP Rule 26(a)(1)(B)(i).

Pursuant to FRCP Rule 26(a)(1), the parties agree to forego initial disclosures with respect to Plaintiffs' First through Third Claims for Relief.

B.      Scope and Timing of Discovery (FRCP Rule 26(f)(3)(B))

1.      In light of this Court's Order Granting Plaintiffs' Motion for Summary Judgment Re: Fifth and Sixth Claims for Relief (ECF 36), the parties agree that there is currently no need for Defendants to prepare an administrative record.

2.      The parties agree that no discovery is needed with respect to the merits of Plaintiffs' claims.

3.      The parties anticipate that discovery may be needed with respect to the remedy in this case.

C.      Electronic Discovery (FRCP Rule 26(f)(3)(C))

1.      In the event that either party seeks discovery regarding the remedy (*see* Part I.B.3, *supra*), the parties will confer to seek agreement regarding the form

of electronic discovery. If the parties are unable to reach agreement, they will seek

the Court's assistance.

D.     Privilege (FRCP Rule 26(f)(3)(D))

At this time, the parties do not anticipate any unusual issues concerning

claims of privilege or work product.

E.     Limitations on Discovery (FRCP Rule 26(f)(3)(E))

At this time, the parties do not anticipate the need for other changes in the

limitations on discovery imposed under the FRCP.

F.     Other Orders (FRCP Rule 26(f)(3)(F))

The parties agree that, should there be any discovery, Defendants will serve

copies of any discovery requests and/or responses on Plaintiffs' counsel's litigation

assistant, Julie Parks, via electronic mail (at jparks@earthjustice.org).


II.    OTHER MATTERS

A.     The parties are willing to discuss settlement, but it is too early to

evaluate the likelihood of settlement.

B.     The parties agree that a trial is not necessary in this case and expect

that this matter will be resolved through summary judgment briefing. The parties

discussed conferring about a briefing schedule.

C.     The parties have discussed alternative dispute resolution options,

including, without limitation, the option of participation in the Court's mediation

program. The parties do not believe that alternative dispute resolution would be

helpful in this case.

DATED:    Honolulu, Hawaiʻi, September 2, 2025.

/s/ David L. Henkin
DAVID L. HENKIN
KYLIE W. WAGER CRUZ
HARLEY M. BROYLES
EARTHJUSTICE

Attorneys for Plaintiffs
Kāpaʻa, Conservation Council for Hawaiʻi,
and Center for Biological Diversity

4